1  **LAW OFFICE OF RESHMA KAMATH**
2  Reshma Kamath, Cal. Bar No. 333800,
   700 El Camino Real, Suite 120, #1084,
3  Menlo Park, California 94025, United States
   Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
4  Counsel for **MARTIN ENG LEE**
5
6
7                    **UNITED STATES DISTRICT COURT**
                          **NORTHERN DISTRICT**
8                         **SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARTIN ENG LEE,<br><br>           Plaintiff,<br><br>     v.<br><br>LEGAL RECOVERY LLC, a California limited liability company; DEMAS YAN, AN INDIVIDUAL; CHEUK YAN, AN INDIVIDUAL, SAN FRANCISCO SHERIFF'S DEPARTMENT, a government entity; DAVID CAIMOTTO, AN INDIVIDUAL, and DOES 1-10, inclusive,<br><br>           Defendants. | **COMPLAINT FOR DAMAGES FOR:**<br><br>**1. WRONGFUL FORECLOSURE;**<br>**2. QUIET TITLE;**<br>**3. SLANDER OF TITLE;**<br>**4. AIDING AND ABETTING;**<br>**5. DECLARATORY RELIEF;**<br>**6. FORGERY OF PROMISSORY NOTE;**<br>**7. PROMISSORY NOTE FRAUD.**<br><br>**DEMAND FOR JURY TRIAL.** |

**COMPLAINT**

## I.    THE PARTIES AND JURISDICTION

1. PLAINTIFF MARTIN ENG LEE is, and at all relevant times mentioned herein was, a resident of San Francisco County, California. Plaintiff is, and at all times mentioned herein was, an individual residing in the City and County of San Francisco, State of California.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant LEGAL RECOVERY LLC ("Legal Recovery") is, and at all times mentioned herein was, a California limited liability company doing business in the City and County of San Francisco, State of California.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant DEMAS YAN ("D. Yan") is, and at all times mentioned herein was, an individual residing in the City and County of San Francisco, State of California. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Demas Yan was a member, manager, officer, director and/or agent of Legal Recovery and in doing the acts alleged herein, was acting within the course and scope of such agency and/or employment.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant CHEUK YAN ("C. Yan") is, and at all times mentioned herein was, an individual residing in the City and County of San Francisco, State of California. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Cheuk Yan, now deceased, was a member, manager, officer, director and/or agent of Legal Recovery and in doing the acts alleged herein, was acting within the course and scope of such agency and/or employment.

5. Defendant SAN FRANCISCO SHERIFF'S DEPARTMENT ("SFSD") is, and at all times mentioned herein was, a government entity operating in the City and County of San Francisco, State of California.

6. DAVID CAIMOTTO is an individual hale and hearty disabled agent of SFSD instrumental in misleading courts and allowing over $30,000 bond money back to Demas Yan. DAVID CAIMOTTO once received free money of $110,000 from SFSD.

7. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES -10, inclusive, and for that reason sue said Defendants by such fictitious names.

8. Based on information and belief, each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and/or proximately and actually caused injuries and damages to the Plaintiff, as alleged herein. As necessary, and as discovery continues, Plaintiff will file and serve one or more amendments to this pleading upon learning the true names and identities of these DOE Defendants.

9. Plaintiff is informed and believes, and on that basis alleges that there exists, and at all times mentioned herein existed, a unity of interest and ownership between Defendants such that any individuality and separateness between these defendants has ceased.

10. As such, there exists such a unity of interest between Defendants that failure to recognize the alter ego relationship among them would lead to inequitable results.

11. Venue is proper in this Court, which has jurisdiction over all defendants for the acts and omissions alleged herein, as the obligations or liabilities arose from within this County, Defendants reside in and/or do business in this County, and the damages resulting from Defendants' misconduct exceed the minimum general jurisdictional limits of this Court.

## II.    GENERAL ALLEGATIONS

12. PLAINTIFF has owned the real property at 939 Lombard Street, San Francisco, CA 94133 ("the Property") and contends that he is still the true legal owner thereof.

13. Plaintiff is informed and believes, and based thereon alleges, that in a separate action brought by Legal Recovery against Plaintiff (the "Separate Action"), Legal Recovery obtained a judgment against Plaintiff by submitting a false promissory note to the court with a forged signature purporting to be Plaintiff's signature, when in fact it was not Plaintiff's signature.

14. Legal Recovery's submission of this false promissory note constitutes a fraud on the court.

15. Plaintiff is informed and believes, and based thereon alleges, that based on the fraudulently obtained judgment in the state lawsuit, Legal Recovery obtained a writ of execution (the "Writ of Execution") authorizing the Sheriff to sell the Property.

16. Plaintiff states that at the time Legal Recovery provided the Writ of Execution to the Sheriff for the purpose of selling the Property, the Writ of Execution had already expired and was no longer valid. DAVID CAIMOTTO

17. Plaintiff states that Defendants Demas Yan and Cheuk Yan, now deceased, aided and abetted Legal Recovery's unlawful conduct by assisting Legal Recovery with obtaining the fraudulent judgment and expired Writ of Execution and directing the Sheriff to sell the Property.

18. On January 30, 2024, the Sheriff unlawfully sold the Property at a foreclosure sale (the "Foreclosure Sale") even though the Writ of Execution had already expired and all applicable timeframes related to enforcement of the Writ of Execution had already passed.

19. As a result of the Foreclosure Sale, Plaintiff has been wrongfully deprived of ownership and possession of the Property, and Defendants have slandered Plaintiff's title to the Property.

20. As a result of Defendants' unlawful acts, Plaintiff has suffered significant monetary damages and emotional distress, in amounts to be determined at trial.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## WRONGFUL FORECLOSURE

21. Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

22. The Foreclosure Sale was wrongful because it was conducted based on a fraudulently obtained judgment and an expired Writ of Execution.

23. Specifically, in the state lawsuit, Legal Recovery submitted a false promissory note to the court that contained a forged signature purporting to be Plaintiff's signature. Legal Recovery knew that the promissory note was false and that the signature was forged, but submitted it to the court anyway in order to secure a judgment against Plaintiff. Legal Recovery's conduct constitutes a fraud on the court that resulted in a fraudulently obtained judgment. There was no prior or pending litigation as to the validity or forgery of the promissory notes, or whether they were real and existed.

24. Based on the fraudulently obtained judgment in the state lawsuit, Legal Recovery obtained the Writ of Execution authorizing the Sheriff to sell the Property. However, at the time Legal Recovery provided the Writ of Execution to the Sheriff, the Writ of Execution had already expired pursuant to California Code of Civil Procedure section 699.510. Legal Recovery did not provide the Writ of Execution to the Sheriff until after the Writ of Execution had already expired.

25. Furthermore, under California Code of Civil Procedure section 701.545, even if the Writ of Execution had been timely delivered to the Sheriff, the Sheriff was required to execute the Writ of Execution and conduct the Foreclosure Sale within 120 days of receiving the Writ of Execution. The Sheriff did not conduct the Foreclosure Sale until January 30, 2024, which was more than 120 days after receiving the Writ of Execution from Legal Recovery.

26. Despite the expired Writ of Execution and untimely Foreclosure Sale, the Sheriff proceeded with selling the Property at the Foreclosure Sale on January 30, 2024.

27. The Foreclosure Sale is void as a matter of law because it was conducted based on an expired Writ of Execution and outside the time periods mandated by the California Code of Civil Procedure.

28. Plaintiff has been harmed by the Foreclosure Sale in that Plaintiff has lost ownership and possession of the Property.

29. Defendants' wrongful conduct as described above was a substantial factor in causing Plaintiff's harm. But for Defendants' wrongful conduct, the Property would not have been sold at the Foreclosure Sale and Plaintiff would still be the rightful owner of the Property.

30. As a result of Defendants' actions, Plaintiff was proximately harmed in an amount to be determined at trial according to proof, plus interest at the legal rate.

## SECOND CAUSE OF ACTION
## QUIET TITLE

31. Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

32. Since acquiring the Property, Plaintiff has remained in continuous possession of the Property and has timely paid all mortgage payments and property taxes associated with the Property.

33. Defendants claim an adverse interest in the Property based on the Foreclosure Sale. Specifically, Defendants have recorded a Trustee's Deed Upon Sale stating that the Property was sold at the Foreclosure Sale on January 30, 2024 and that Plaintiff is no longer the owner of the Property.

34. However, the Foreclosure Sale is void because it was conducted based on a fraudulently obtained judgment and expired Writ of Execution, as set forth in Paragraphs 17 through 21, above.

35. Plaintiff seeks to quiet title to the Property in Plaintiff's favor as of the filing of this action. Plaintiff is entitled to a judicial declaration that Plaintiff is the sole owner of the Property and that Defendants have no valid adverse interest in the Property.

36. As a result of Defendants' actions, Plaintiff was proximately harmed in an amount to be determined at trial according to proof, plus interest at the legal rate.

### THIRD CAUSE OF ACTION
### SLANDER OF TITLE

37. Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

38. Defendants caused a Trustee's Deed Upon Sale to be recorded with the San Francisco County Recorder's Office, stating that the Property was sold at the Foreclosure Sale and that Plaintiff is no longer the owner of the Property.

39. The statements in the Trustee's Deed Upon Sale are false because the Foreclosure Sale was void and Plaintiff remains the rightful owner of the Property, as set forth in Paragraphs 17 through 21, above.

40. Defendants knew that the statements in the Trustee's Deed Upon Sale were false at the time they recorded it. Defendants acted with malice and a reckless disregard for the truth.

41. Defendants did not have any privilege or justification for recording the Trustee's Deed Upon Sale.

42. The false statements in the Trustee's Deed Upon Sale have caused pecuniary loss to Plaintiff by clouding title to the Property and preventing Plaintiff from being able to sell, rent, or otherwise generate income from the Property. The false statements have also caused Plaintiff to incur attorneys' fees and costs to clear title to the Property.

43. As a result, Plaintiff was proximately harmed in an amount to be determined at trial according to proof, plus interest at the legal rate.

44. Defendants' conduct was oppressive, fraudulent, and malicious so as to justify an award of punitive damages.

## FOURTH CAUSE OF ACTION
## AIDING AND ABETTING

45. Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

46. Defendants Demas Yan and Cheuk Yan, now deceased, had actual knowledge that the Foreclosure Sale was wrongful and illegal because, among other things, they knew that the judgment in the state lawsuit was fraudulently obtained and that the Writ of Execution had expired before the Foreclosure Sale took place.

47. Specifically, Plaintiff is informed and believes that Demas Yan and Cheuk Yan, now deceased, assisted Legal Recovery with drafting and submitting the false promissory note in the state lawsuit. Plaintiff is further informed and believes that Demas Yan and C.

48. Yan were aware of the date the Writ of Execution was issued and its expiration date, but nonetheless proceeded with directing the Sheriff to conduct the untimely Foreclosure Sale.

49. Despite this knowledge, Defendants Demas Yan and Cheuk Yan, now deceased, provided substantial assistance and encouragement to Legal Recovery and SFSD to carry out the wrongful Foreclosure Sale. Among other things, Demas Yan and C.

50. Yan communicated with the Sheriff on behalf of Legal Recovery, provided instructions regarding the Foreclosure Sale, and attended the Foreclosure Sale.

RESHMA KAMATH
WWW.MYINSTALAWYER.COM

51.     Defendants Demas Yan and Cheuk Yan, now deceased, intended for their conduct to result in the wrongful Foreclosure Sale and to deprive Plaintiff of ownership and possession of the Property.

52.     Defendants Demas Yan and C. Yan's conduct was a substantial factor in causing harm to Plaintiff,

53.     As a result of Defendants' actions and omissions, Plaintiff was proximately harmed in an amount to be determined at trial according to proof, plus interest at the legal rate.

## FIFTH CAUSE OF ACTION

## DECLARATORY RELIEF

54.     Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

55.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties regarding ownership of the Property and the validity of the Foreclosure Sale.

56.     Plaintiff contends that the Foreclosure Sale is void for all the reasons set forth above, and that Plaintiff therefore remains the sole rightful owner of the Property.

57.     Plaintiff is informed and believes, and on that basis alleges, that Defendants dispute Plaintiff's contentions and instead contend that the Foreclosure Sale was valid and that Plaintiff is no longer the owner of the Property.

58.     Plaintiff desires a judicial determination and declaration from the Court stating that the Foreclosure Sale is void and that Plaintiff is the sole owner of the Property.

59.     A judicial declaration is necessary and appropriate at this time so that Plaintiff may ascertain its rights and duties with respect to the Property.

## SIXTH CAUSE OF ACTION

## FORGERY OF PROMISSORY NOTE

60.     Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

61. Defendants Demas Yan and Legal Recovery LLC engaged in forgery of promissory notes. This is punishable under the penal code.

62. Each of the two Defendants Demas Yan via alter ego, Legal Recovery LLC forged Martin Eng Lee's signature and initiated a series of state cases in San Francisco Superior Court of California against Martin Eng Lee.

63. There are atleast four forged promissory notes.

64. The series of cases, judgments, and forged promissory notes caused Martin Eng Lee to lose his property with senior-citizen disabled mother, Sau P. Eng residing there.

65. Upon due diligence, undersigned counsel Reshma Kamath engaged a forensic expert, and initiated the analysis in Exhibit A.

66. Each of the notes has a falsified signature that is not Martin Eng Lee's. Yet, the Defendants Demas Yan and Legal Recovery LLC, his alter ego presented falsified documents to the state superior court.

67. Forgery of a promissory note is a crime under California Penal Code section 470(d).

68. Forgery is the act of altering a written document without authorization with the intent to defraud someone, an organization, or the government. Defendants Demas Yan and Legal Recovery LLC, his alter ego altered the four promissory notes evidenced in Exhibit A. Defendants Demas Yan and Legal Recovery LLC, his alter ego, had the intent to defraud an organization, superior court judges and the sheriff.

69. Forgery of a promissory note, which is a legal document that outlines the terms of a loan, can be charged as either a misdemeanor or a felony. Defendants Demas Yan and Legal Recovery LLC, his alter ego, that is the form of a promissory note for a loan can be a misdemeanor or felony tried in criminal court.

70. Defendant Demas Yan, who is a disbarred attorney was Martin Eng's former lawyer.

71. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

72. For such actions and omissions of Defendants, Plaintiff seeks damages and injunctive relief as stated in the preceding paragraphs and the prayer for relief.

### SEVENTH CAUSE OF ACTION

### PROMISSORY NOTE FRAUD

73. Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

74. Defendants Demas Yan and Legal Recovery LLC engaged in promissory note fraud.

75. Each of the two defendants forged Martin Eng Lee's signature and initiated a series of state cases in San Francisco Superior Court of California against Martin Eng Lee.

76. There are atleast four forged promissory notes.

77. The series of cases, judgments, and forged promissory notes caused Martin Eng Lee to lose his property with senior-citizen disabled mother, Sau P. Eng residing there.

78. Upon due diligence, undersigned counsel Reshma Kamath engaged a forensic expert, and initiated the analysis in Exhibit A.

79. Each of the notes has a falsified signature that is not Martin Eng Lee's. Yet, the Defendants Demas Yan and Legal Recovery LLC, his alter ego presented falsified documents to the state superior court.

80. Defendant Demas Yan, who is a disbarred attorney was Martin Eng's former lawyer.

81. Defendant Demas Yan after getting disbarred created an alter ego company called Legal Recovery LLC and duped Martin Eng Lee.

82. Defendant Demas Yan even called Martin Eng to discuss and then called the cops on him for a false murder threat. Not only the state bar but also a bankruptcy court unveiled several issues with Demas Yan, but the issue of promissory note fraud has not yet unraveled.

83. Defendant Demas Yan after getting disbarred created an alter ego company called Legal Recovery LLC should be punished to the fullest extent under the penal code as well as the civil courts.

84. In Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Association, No. S190581 (Cal. Jan. 14, 2013) (Riverisland), the Court held that the parol evidence rule does not exclude

evidence of promissory fraud, regardless of whether the fraudulent promise directly contradicts the written terms of the contract at issue.

85. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

86. For such actions and omissions of Defendants, Plaintiff seeks damages and injunctive relief as stated in the preceding paragraphs and the prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Damages stated in the specific amount of monetary sum in the Defendants' Demas Yan and Legal Recovery LLC's forged promissory notes;

2. A declaration that Plaintiff is the true and record owner of the Property;

3. For an award of general, actual, consequential, expectancy and special damages according to proof;

4. For an award of treble and punitive damages according to proof;

5. For an award of restitution, and all other appropriate legal and equitable relief;

6. For costs of suit and reasonable attorneys' fees per statute according to proof;

7. For pre-judgment and post-judgment interest at the legal rate;

8. For such further relief as the Court may deem proper.

**DATED: June 16, 2024**  **LAW OFFICE OF RESHMA KAMATH**

*/S/ Reshma Kamath*

RESHMA KAMATH

Counsel for PLAINTIFF
**MARTIN ENG LEE**

