UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ENG LEE,<br><br>       Plaintiff,<br><br>   v.<br><br>DEMAS YAN, et al.,<br><br>       Defendants. | Case No. 24-cv-03628-AGT<br><br>**SCREENING ORDER**<br>Re: Dkt. No. 1 |

Having granted Plaintiff's application to proceed *in forma pauperis*, the undersigned now evaluates Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and concludes the complaint is legally deficient. Plaintiff has not established a basis for this Court's subject matter jurisdiction. The Clerk of the Court is accordingly instructed not to issue summonses or to serve Plaintiff's complaint on the defendants. If Plaintiff fails to timely file a satisfactory amendment, the undersigned will recommend that a district judge dismiss his case.[1]

A. Legal Standard

Federal courts are required to screen and dismiss *in forma pauperis* complaints that fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The standard of review under Section 1915(e)(2)(B)(ii) mirrors Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must

---

[1] Plaintiff declined magistrate judge jurisdiction. Dkt. 6. Screening under Section 1915, however, is not a dispositive ruling. *See Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (agreeing that "consent of all parties [] is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)"); 28 U.S.C. § 636(c)(1). Courts in this District routinely screen complaints under the *in forma pauperis* statute, and issue Reports and Recommendations, without the parties' prior consent to magistrate judge jurisdiction.

include a "short and plain statement," Fed. R. Civ. P. 8(a), and "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

B. <u>Discussion</u>

Plaintiff has not sufficiently alleged a basis for subject matter jurisdiction. Because federal courts are "courts of limited jurisdiction," it is the plaintiff's burden to show subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing lack of subject matter jurisdiction as a basis for dismissal in an *in forma pauperis* action).

First, the Civil Cover Sheet with the complaint indicates federal question as the basis of subject matter jurisdiction. Dkt. 1-2 at 1. The complaint lacks "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The complaint alleges only that this Court "has jurisdiction over all defendants" and that "the damages resulting from Defendants' misconduct exceed the minimum general jurisdictional limits of this Court." Dkt. 1 ¶ 11. This is insufficient under Rule 8.

Second, the complaint does not explicitly invoke any federal law. The seven claims alleged are (1) wrongful foreclosure; (2) quiet title; (3) slander of title; (4) aiding and abetting; (5) declaratory relief; (6) forgery of promissory note; and (7) promissory note fraud. Dkt. 1 at 1. It is not clear what federal law is invoked among these claims. To the extent Plaintiff is asserting a federal claim, he must specify the basis in federal law.

Lastly, because Plaintiff has not alleged a federal claim, any purported state-law claims would require that the Court have diversity jurisdiction, which requires an amount in controversy exceeding $75,000 and complete diversity of citizenship between the parties.

*See* 28 U.S.C. § 1332; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). It appears there are California citizens on both sides of the dispute, and thus complete diversity is lacking. *See* Dkt. 1 at 2–3.

    C.  <u>Conclusion</u>

Plaintiff may file an amended complaint to correct the identified deficiencies by **July 9, 2024**. If he does not do so, or if his amended complaint is still deficient, the undersigned will recommend that a district judge dismiss his case without prejudice to refiling in state court.

**IT IS SO ORDERED.**

Dated: June 25, 2024

_____
Alex G. Tse
United States Magistrate Judge