UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ENG LEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEMAS YAN, et al.,<br><br>　　　　Defendants. | Case No. 3:24-cv-03628-WHO<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>Re: Dkt. No. 9 |

On July 18, 2024, Magistrate Judge Alex G. Tse issued a Report and Recommendation that I dismiss this case due to lack of subject matter jurisdiction. [Dkt. No. 9]. Plaintiff Martin Eng Lee filed a timely objection under Federal Rule of Civil Procedure 72(b). [Dkt. No. 14]. He also filed an amended complaint after Judge Tse's report. ("AC") [Dkt. No. 12].

I have reviewed the entirety of the record and docket. In brief, Lee—who is represented by counsel—seems to allege that the various defendants conspired to defraud him out of his San Francisco property through forged promissory notes and faked loans. *See id.*; *see also* [Dkt. No. 1]. Judge Tse granted Lee's application to proceed in forma pauperis and in the screening order determined that Lee's initial complaint failed to establish subject matter jurisdiction because it contained only state law claims and did not show diversity of citizenship. [Dkt. Nos. 7, 8]. The initial complaint asserted only state law claims for (1) wrongful foreclosure, (2) quiet title, (3) slander of title, (4) aiding and abetting, (5) declaratory relief, (6) forgery of promissory note, and (7) promissory note fraud; the defendants were all asserted to be California citizens and there were no allegations of an amount in controversy greater than $75,000. [Dkt. No. 8]. Judge Tse Lee gave Lee two weeks to file an amended complaint. *Id.* When Lee failed to do so a month later, Judge Tse issued the Report and Recommendation to dismiss the case. [Dkt. No. 9].

1    Lee's amended complaint asserts the same causes of action, without the two related to the
2    promissory note, and adds a "civil conspiracy" claim and two Federal Racketeer Influenced and
3    Corrupt Organizations Act ("RICO") claims, 18 U.S.C. § 1962(c),(d).  AC ¶¶ 20–43, 79–87.

4    A federal RICO charge requires allegations that the activities affected interstate
5    commerce.  *See* 18 U.S.C. § 1962(a)–(d).  The only allegations that come close to pleading this are
6    "Each enterprise has engaged in, and their activities have affected, foreign commerce," [Dkt. No.
7    12] ¶ 30, and "The Enterprise: Legal Recovery LLC is an enterprise engaged in foreign commerce
8    within the meaning of 18 U.S.C. S 1961(3) and as a government-controlled company, is an
9    instrumentality of the state of California.  While Legal Recovery LLC is a legitimate business
10   separate and apart from the pattern of racketeering.  Defendants, through their continuing pattern
11   of racketeering activity set forth herein, infiltrated the company, associated with it and managed it
12   for their own illegal purposes," *id.* ¶ 38.  These are plainly insufficient to plead effect on interstate
13   commerce.  And here, where all of the defendants are alleged to be California citizens and the crux
14   of the lawsuit has to do with illegal foreclosure, these federal law claims seem to have been added
15   to the complaint in an improper attempt to invoke federal question jurisdiction.  28 U.S.C. § 1331.

16   Lee also seems to assert that there is diversity jurisdiction over this case, but again he fails
17   to allege that any defendants are citizens of anywhere but California.  28 U.S.C. § 1332.

18   Accordingly, I agree that I lack subject matter jurisdiction and so I ADOPT the Report and
19   Recommendation.  This case is hereby DISMISSED.

20   **IT IS SO ORDERED.**

21   Dated: August 19, 2024

William H. Orrick
United States District Judge